

# The Attorney General of Texas

December 31, 1982

MARK WHITE
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Lee F. Jackson
House of Representatives
P. O. Box 2910
Austin, Texas    78769

Opinion No. MW-570

Re:  Whether investments author-
ized by sections 1 and 1A of
article 6228a-5, V.T.C.S., may
be sold only by those persons
authorized to sell investment
contracts under article 6252-3b,
V.T.C.S.

Dear Representative Jackson:

You have requested an opinion from this office on the question of whether sales of investments permitted by sections 1 and 1A of article 6228a-5, V.T.C.S., are subject to the restrictions of article 6252-3b, V.T.C.S., or of any other statute that prohibits the sale of certain kinds of investments by persons or institutions not authorized by the statute.  Section 1, article 6228a-5, V.T.C.S., provides as follows:

> Local Boards of Education of the Public Schools of this State, the Governing Boards of the state-supported institutions of higher education, the Coordinating Board, Texas College and University System, the Central Education Agency, the Texas Department of Mental Health and Mental Retardation and the state schools, state hospitals, and other facilities and institutions under its jurisdiction, the Texas Youth Council and facilities and institutions under its jurisdiction, and the governing boards of Centers for Community Mental Health and Mental Retardation Services, county hospitals, city hospitals, city-county hospitals, hospital authorities, hospital districts, affiliated state agencies, and political subdivisions of each of them, may enter into agreements with their employees for the purchase of annuities or for contributions to any type of investment for their employees as authorized in Section 403(b) of the Internal Revenue Code of 1954, as it existed on January 1, 1981.

Article 6252-3b, V.T.C.S., also authorizes investments by public employers on behalf of their employees, but the group of public employees is larger and the types of investments are different from those specifically described in article 6228a-5, V.T.C.S. Furthermore, article 6252-3b, V.T.C.S., contains a restriction on the types of institutions with which the employers and employees may contract. The relevant part of section 1, article 6252-3b, V.T.C.S., provides as follows:

> The state or any county, city, town, or other political subdivision may, by contract, agree with any employee to defer, in whole or in part, any portion of that employee's compensation and may subsequently, with the consent of the employee, contract for, purchase, or otherwise procure a life insurance, annuity, mutual fund, or other investment contract for the purpose of funding a deferred compensation program for the employee, from any life underwriter duly licensed by this state who represents an insurance company licensed to contract business in this state, any state or national bank domiciled in this state whose deposits are insured by the Federal Deposit Insurance Corporation, any savings and loan association doing business in this state whose accounts are insured by the Federal Savings and Loan Insurance Corporation, or any credit union doing business in this state whose accounts are insured by the National Credit Union Administration or the Texas Share Guaranty Credit Union....

On its face, article 6252-3b, V.T.C.S., does not affect the investment authority of article 6228a-5, V.T.C.S. Article 6228a-5, V.T.C.S., was originally passed in 1962 to authorize investments in annuities, as permitted by the Internal Revenue Code. See I.R.C. §403(b). No limitation on the types of institutions from which the annuities could be purchased existed under article 6228a-5, so long as they were institutions authorized by section 403(b). When article 6252-3b, V.T.C.S., with its institution-limiting provisions was enacted in 1973, it was enacted in a form that gave no indication that the investment authority under article 6228a-5, V.T.C.S., was to be limited to contracts with certain types of persons or institutions.

The two state statutes cover overlapping categories of employees, since the employees who are the focus of article 6228a-5, V.T.C.S., are alternatively permitted to participate in deferred compensation plans of the type authorized by article 6252-3b, V.T.C.S. However, nothing in article 6252-3b, can be interpreted as being binding on an employee who has chosen to participate in a plan authorized by article 6228a-5, rather than one authorized by article 6252-3b. The different

statutes permit different types of investments for different employees, and, in the absence of a specific provision making the requirements of article 6252-3b applicable to article 6228a-5, the statutes should be considered to be self-contained and non-binding on each other.

As stated previously, the two investment statutes do not coincide completely in their coverage of public employees. Though article 6252-3b, V.T.C.S., covers virtually all public employees, article 6228a-5, V.T.C.S., covers only a limited group of such employees. Apparently, one reason for the differences in the state statutes is that the two statutes correspond to two different Internal Revenue Code provisions and give rise to different federal tax treatment of the investment plans. Article 6228a-5, V.T.C.S., covers a type of employee who can qualify for Code section 403(b) tax treatment, while article 6252-3b, V.T.C.S., covers employees all of whom qualify for Code section 457 tax treatment, but only some of whom could qualify for participation in a program making them eligible for section 403(b) tax treatment. Considering the differences in employees covered, types of investments authorized, and types of tax treatments resulting, one should not automatically presume that all restrictions of article 6252-3b, V.T.C.S., were intended to apply to article 6228a-5, V.T.C.S. Because of the failure of article 6252-3b, V.T.C.S., to make its limitations on the types of seller institutions with which employers and employees may contract also apply to article 6228a-5, V.T.C.S., the investments authorized by article 6228a-5 are not hampered by such limitations. The employers may, under article 6228a-5, contract with any type of institution or person selling the authorized investments, so long as the sellers have complied with and are authorized by the laws generally regulating the sale of insurance and securities, when applicable, and with the requirements of Internal Revenue Code section 403(b).

<u>S U M M A R Y</u>

Employers may, under article 6228a-5, V.T.C.S., contract on behalf of their employees to purchase annuities and other investments from any type of seller generally authorized by Texas laws to sell such annuities and investments, regardless of the restrictions on the types of seller institutions contained in article 6252-3b, V.T.C.S.

Very truly yours,

M A R K   W H I T E
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Charmaine J. Rhodes
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
Patricia Hinojosa
Jim Moellinger
Charmaine J. Rhodes